IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHANIEL LEKAI HART, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-15-2055 |
| COLIN OTTEY, M.D., et al., | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Lieutenant T. Sawyers's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 9) and Defendants', Colin Ottey, M.D., Krista Swan, R.N., Jennifer Bradfield, R.N., and Wexford Health Sources, Inc. (collectively, the "Medical Defendants"), Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 21). The Motions are ripe for disposition. Having reviewed the Motions and supporting documents, the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons stated below, the Court will grant the Motions.

**I.   BACKGROUND**

Plaintiff Nathaniel Lekai Hart was an inmate incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. He claims that, in January of 2015, the NBCI staff refused to give him a monthly commissary welfare bag for indigent inmates. The bag contains hygiene items such as toothpaste and soap. During the month of December 2014, he had less than four dollars in his prison account and could not afford to purchase these items. Hart asserts without these items, he was unable to wash himself appropriately. On January 27, 2015, Hart filed an administrative remedy procedure request ("ARP") raising this issue.

1

Additionally, Hart alleges that he has suffered from lower back pain since April 2013, but during 2014, he was denied adequate medical treatment. He alleges medical staff waited many months before ordering an x-ray to assess the problem, and he suffered "insurmountable pain." (ECF No. 4). He claims medical providers ignored the many sick call requests he submitted concerning his back pain throughout the year. Id.

On July 13, 2015, Hart initiated this action pursuant to 42 U.S.C. § 1983 (2012), alleging Defendants violated his rights under the Eighth Amendment of the United States Constitution. (ECF No. 1). On December 7, 2015, Sawyer filed his Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 9). On December 30, 2015, Hart filed a Response to the Motion. (ECF No. 13). On April 7, 2016, the Medical Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 21). Hart filed a Response to the Motion on April 18, 2016 (ECF No. 23), and the Medical Defendants filed a Reply on April 25, 2016 (ECF No. 25).

## II. DISCUSSION

### A. Standard of Review

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am.,

2

N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom. Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(d)). Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson</u>, 477 U.S. at 247–48.

A "material fact" is one that might affect the outcome of a party's case. <u>Id.</u> at 248; <u>see</u> <u>JKC Holding Co. v. Wash. Sports Ventures, Inc.</u>, 264 F.3d 459, 465 (4th Cir. 2001) (citing <u>Hooven-Lewis v. Caldera</u>, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248; <u>accord</u> <u>Hooven-Lewis</u>, 249 F.3d at 265.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" <u>Bouchat v. Balt. Ravens Football Club, Inc.</u>, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility." <u>Dennis v. Columbia Colleton Med. Ctr., Inc.</u>, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." <u>Bouchat</u>, 346 F.3d at 526 (quoting <u>Drewitt v. Pratt</u>, 999 F.2d 774, 778–79 (4th Cir. 1993).

Defendants rely on exhibits attached to their Motions.  Because the Court will consider Defendants' exhibits, the Court must convert the Motions to Dismiss to motions for summary judgment.[1]

**B. Analysis**

    **1. Lieutenant Sawyers's Motion**

To establish an Eighth Amendment claim for "the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was <u>objectively</u> sufficiently serious,' and that '<u>subjectively</u> the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)).  Only conditions that deprive inmates of "the minimal civilized measure of life's necessities," id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), or that constitute extreme deprivations grossly disproportionate to the severity of the crime amount to cruel and unusual punishment, see Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Hart names Sawyers as a Defendant solely because "he is responsible [for] handing out commissary bags." (ECF No. 4).  Hart asserts that for the month of December 2014, he had less

---

[1] "[N]o formal notice of conversion by the district court is required in cases where it is apparent that what is nominally a Rule 12(b)(6) motion to dismiss is subject to conversion to a summary judgment motion—for example, where the motion is captioned in the alternative as a motion for summary judgment and affidavits are attached to the motion." Carter v. Balt. Cty., 39 F.App'x 930, 933 (4th Cir. 2002) (per curiam).

than $4.00 in his prison account, but was not given a welfare commissary package for indigent inmates.  Hart filed an ARP on January 27, 2015 raising this claim.  The Maryland Department of Public Safety and Correctional Services Division of Correction ("DOC") and NBCI policy provides selected hygiene items to inmates who meet the definition of an indigent inmate.  (ECF No. 9-6).  Indigent inmates are those who in the previous thirty days have not received pay for an assignment and have not had $4.00 in his active and commissary accounts.  (Id.).

Hart received pay into his spending account of $4.76 on December 3, 2014 and $11.70 on December 16, 2014 and had an account balance of more than $4.00.  (ECF No. 9-8).  Because Hart did not meet the requirements for indigent status to receive a commissary bag in January 2015, his ARP was dismissed on February 11, 2015.  (ECF No. 9-2).  Hart appealed the ARP dismissal to the DOC Commissioner on February 19, 2015, asserting there was a discrepancy.  He stated he had no money to purchase hygiene items and had less than $4.00 in January 2015.  (ECF No. 9-5).  On December 2, 2014, Hart had a balance of $21.58 in his account but, on January 2, 2015, he had a balance of $3.35 in his account.  (ECF No. 9-8).  Hart's ARP appeal was dismissed on April 6, 2015.

Hart's allegations fail to suggest Sawyers or NBCI staff deprived him of hygiene items with purposeful and wanton intent to inflict pain or extreme deprivation necessary to show a constitutional violation.  NBCI staff investigated his ARP claim and his claim was found to lack merit because Hart received payroll payments and had a balance above $4.00 in the thirty days prior to his request for a commissary bag in January 2015.  Further, Hart does not appear to have suffered serious or significant physical injury as a result of the temporary lack of commissary items.  Nothing suggests denial of the commissary bag was premised on deliberate indifference

6

to his needs.  Under these facts, Hart has failed to demonstrate a claim for a violation of his Eight Amendment rights.  The Court, will, therefore, grant Sawyer's Motion.

**2. Medical Defendants' Motion**

The Eighth Amendment also prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  Gregg v. Georgia, 428 U.S. 153, 173 (1976) (citing Furman v. Georgia, 408 U.S. 238, 392–93 (1972)).  To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. Estelle, 429 U.S. at 106.  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention, but failed to either provide it or ensure the needed care was available.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).

The serious nature of Hart's medical condition is not in dispute.  Proof of an objectively serious medical condition, however, will not end the inquiry.  The subjective component requires "subjective recklessness" in the face of the serious medical condition.  Farmer, 511 U.S. at 839–40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  Rich v. Bruce, 129 F.3d 336, 340 n.2 (4th Cir. 1997).  "Actual knowledge or awareness on the part of the alleged inflicter ... becomes essential

to proof of deliberate indifference because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. See Brown v. Harris, 240 F.3d 383, 390 (4th Cir. 2001).

A prisoner's disagreement with a prescribed course of treatment does not establish deliberate indifference and, therefore, does not state a claim. See Peterson v. Davis, 551 F.Supp. 137, 146 (D.Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Likewise, claims of medical negligence or disputed questions of medical judgment are not cognizable because they do not involve deliberate indifference. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (stating questions of medical judgment are not subject to judicial review). Indeed, the "mere failure to treat all medical problems to a prisoner's satisfaction . . . is insufficient to support a claim under § 1983." Peterson, 551 F.Supp. at 146; accord Fore v. Goodwin, 407 F.Supp. 1145, 1146 (citing Cole v. Williams, 526 F.2d 588 (4th Cir. 1975)) ("A prisoner cannot be ultimate judge of what medical treatment is necessary or proper . . . .").

Hart asserts the Medical Defendants were deliberately indifferent to his need for medical care regarding his back pain for more than one year because the Medical Defendants would not refer him to a specialist. He demonstrates that he submitted multiple sick call slips throughout 2014. Hart's medical records, however, are undisputed and show that he has been treated for his

pain throughout 2014 and 2015. (ECF No. 21-4). A medical provider assessed Hart as having back strain for which he was provided medication an exercise regimen for his complaints.

In his declaration, Dr. Robustiano Barrera, M.D., medical director at NBCI since December 2015, attests "[l]ower back pain is a common condition encountered at least once by most people over the course of their lives. Once a person has had an episode of lower back pain it is more likely to recur." (ECF No. 21-5). Barrera states that "[g]enerally a conservative treatment using over the counter pain medication and low impact stretching and exercise works well and symptoms subside over a few weeks. However, low back pain can become a recurring chronic condition." (Id.). Since March 4, 2015, Hart has not complained of low back pain to medical staff. (Id.).

Hart's back pain was treated conservatively. Hart's desire to be referred to a specialist or to receive a different, less conservative mode of medical treatment does not amount to deliberate indifference. Hart does not have a constitutional right to treatment by a provider of his choice. Though he disagrees with the course of his treatment, such a disagreement does not present a claim for deliberate indifference. The Court will, therefore, the Medical Defendants' Motion.

### III.   CONCLUSION

For reasons stated in the foregoing reasons, Lieutenant Sawyer's and the Medical Defendants' Motions to Dismiss or, in the Alternative, Motions for Summary Judgment (ECF No. 9, 21), treated as motions for summary judgment, are GRANTED. A separate Order follows.

Entered this 21st day of July, 2016                         /s/
                                                            _____
                                                            George L. Russell, III
                                                            United States District Judge